SPICE, Respondent, vs. KUXMAN, Appellant.

*November 13—December 8, 1931.*

294 of Green Bay, for the appellant. For the respondent there was a brief by Lehner & Lehner of Oconto Falls, and oral argument by Philip Lehner of Princeton.

*Sol P. Huntington* of Green Bay, for the appellant.

For the respondent there was a brief by *Lehner & Lehner* of Oconto Falls, and oral argument by *Philip Lehner* of Princeton.

ROSENBERRY, C. J.   It appears that Sobieski is an unincorporated village.   Upon the trial the court instructed the jury that it appeared as an undisputed fact in the case that

the scene of the accident was a business district in Sobieski, and being such, it was unlawful to drive an automobile thereupon at a speed greater than fifteen miles an hour. The term "business district" is defined by sec. 85.10 (28), Stats., as follows:

"The territory contiguous to a highway when fifty per cent. or more of the frontage thereon for a distance of three hundred feet or more is occupied by buildings in use for business."

The sole testimony produced upon the question whether or not the place in question was part of a business district was that given by Florence Pelkey:

"Q. Can you tell me how many business places there are within three hundred feet of the place where the driveway goes into your place? A. Four or five.

"Q. Are there any residences in that same three hundred feet? A. No, sir."

We are unable to see upon what theory the trial court instructed the jury that this was a business district as a matter of law. There is no evidence whatever as to the amount of frontage occupied by the four or five business places. Certainly they would have to be very extensive to occupy fifty per cent. of 600 feet of frontage. The instruction must be held to be erroneous. The court having instructed the jury in accordance with the provisions of sec. 85.40 (6) that any speed in excess of fifteen miles per hour was in violation of the statute, it was prejudicial, as there was nothing left for the jury to do but find the defendant guilty of negligence.

At the time of this accident, sec. 85.16 of the Statutes of 1929, Rules for Passing, was in force, which provides:

"(1) The operator of an overtaking motor vehicle not within a business or residence district shall give audible warning with his warning device before passing or attempting to pass a vehicle proceeding in the same direction.

"(2) The operator of a vehicle upon a roadway shall not deviate from the traffic lane in which he is operating without first ascertaining that such movement can be made with safety to other vehicles approaching from the rear."

The evidence as to what the plaintiff did to comply with sub. (2) is very meager. Putting upon the evidence the interpretation most favorable to the plaintiff, it is that he was traveling in about the center of the highway; preparatory to making the turn into the Pelkey driveway on the south side of the highway he turned a little to his right, and just as he turned his car to the left in an attempt to enter the driveway he was struck. He says he looked into his rear-vision mirror and saw no one. He did not put out his left hand and did nothing to warn oncoming travelers. While it appears that the defendant's car had but one light, that light was bright enough to be seen by other witnesses at considerable distances. The plaintiff testifies that until he got out of the car he had not seen the lights on defendant's car. He also testifies that while there was some dust he did not think it interfered with his vision and testified that he saw no light. It also appears that as he made the turn he put on his brakes and he had a stop light. The undisputed facts appear to be that the defendant, as he was about to pass the plaintiff's car, sounded his horn; that he was partly abreast the plaintiff's car when the turn began. The defendant also turned and the defendant's car stopped with its left front wheel at or near the culvert in the Pelkey driveway. The culvert was approximately parallel with the roadside ditch.

Upon these facts it is considered that the plaintiff, as a matter of law, did not perform his statutory duty of ascertaining whether or not he could turn to his left with safety to oncoming vehicles. As a matter of fact, he did nothing. The stop light went on not because of any attempt to warn any one but because he was slowing his car down to make the turn. It is not only possible but quite probable that

defendant's car was too far ahead to see the stop light at the time it was operated. Any slight attempt on plaintiff's part to ascertain whether or not another car was present to his rear must have disclosed that fact to plaintiff. If defendant's car was too close to be seen through the rear-vision mirror, then the light on defendant's car was plainly visible on the roadside at plaintiff's left. The testimony discloses no effort on the part of plaintiff to look to his rear on his left before making the turn. Defendant's motion to direct a verdict should have been granted.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss the plaintiff's complaint.